Eastern District of Kentucky
FILED
JUN 0 1 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-171-JMH

MARCUS BOND JOHNSON     PLAINTIFF

VS:     **MEMORANDUM OPINION AND ORDER**

SUSAN VICTORIA CARTER     DEFENDANT

Marcus Bond Johnson, a non-prisoner plaintiff who has filed nine *pro se, in forma pauperis* complaints in the last thirty days, has filed a one-page handwritten document with the Court [Record No. 1], which the Court construes as a complaint. That complaint appears to only request that the defendant be "disowned" for "because of neglect and fraud."

A *pro se* complaint is held to less stringent standards than those composed by an attorney and should be construed as alleging all fairly and reasonably inferred claims, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But Federal Rule of Civil Procedure 8(a) still requires a *pro se* plaintiff's complaint to include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. A complaint that fails to meet these basic requirements should be dismissed without prejudice. *Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. 2000); *Vicom, Inc. v. Harbridge Merchant Services*, 20 F.3d 771, 775 (7th Cir. 1994). This is equally true of *pro se* complaints, which may be dismissed *sua sponte* if they fail to satisfy the requirements of Rule 8. *Owens v. Suter*, 2003 WL 942554 (S.D.N.Y. 2003); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000) ("[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be."); *Wells v. Brown*, 891

F.2d 591, 594 (6th Cir. 1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Johnson's complaint does not satisfy even the minimal pleading requirements of Federal Rule of Civil Procedure 8, which requires a plaintiff to set forth a <u>short</u> and <u>plain</u> statement of the <u>facts</u> supporting each allegation in the complaint. The plaintiff's complaint presents no discernible federal claim and makes no factual allegations whatsoever. Such defects render the complaint patently insubstantial and, therefore, subject to dismissal, pursuant to Fed.R.Civ.P. 12(b)(1). *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974); *Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) (court should dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, or obviously frivolous" for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)). Johnson also makes no allegation to invoke this Court's subject matter jurisdiction, *Thomson v. Gaiskill*, 315 U.S. 442 (1942) (plaintiff must expressly allege basis for court's subject matter jurisdiction), rendering the complaint subject to dismissal under *Wells* or *Neitzke*.

The Court has previously afforded Johnson the opportunity to amend his complaints in other actions that he has recently filed. But the present complaint utterly fails to assert any discernible claim, and the plaintiff's filing of numerous and patently insubstantial complaints counsel against granting such an opportunity here. The complaint will therefore be dismissed without prejudice.

Johnson is hereby further advised that the Court possesses the inherent authority to prevent the abuse of the judicial process by enjoining those who file multiple, frivolous, or malicious pleadings. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *In re Green*, 669 F.2d 779, 784 (D.C. Cir. 1981); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect,

and decorum, in their presence, and submission to their lawful mandates.'", citing *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)); 28 U.S.C. §1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Where a litigant has "demonstrated a 'history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . .'", the Court may enter an order prospectively denying *in forma pauperis* status and direct the Clerk of the Court to return unfiled any complaint or petition submitted by the litigant unless accompanied by the appropriate filing fee. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992). The Court will not invoke this authority at this time, but Johnson is cautioned that if he continues to file complaints with the Court that plainly fail to comply with the procedural requirements of the Court, he will be directed to Show Cause why an order should not be entered directing the Clerk of the Court to refuse further filings from him unless he prepays the entire $350.00 filing fee.

Accordingly, it is hereby **ORDERED** as follows:

(1)     Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

(2)     Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. §1915(a) [Record No. 2] is **DENIED**.

This the 1st day of June, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: